JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHLOE RUSCHMEYER

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103; 267-273-1054

## DEFENDANTS

RESTORE FIRST HEALTH

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

CHLOE RUSCHMEYER

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PE**
- [ ] 365 … Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

- [ ] … 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

- [ ] … 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. § 2000e, et seq.

Brief description of cause:
SEXUAL HARASSMENT, SEX DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: Nov 4, 2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 2250 Hickory Road, #140, Plymouth Meeting, PA 19462

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:_________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____________ ______________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHLOE RUSCHMEYER<br>3845 Jacob Stout Road, Unit 4<br>Doylestown, PA 18902<br><br>Plaintiff,<br><br>v.<br><br>RESTORE FIRST HEALTH<br>2250 Hickory Road, #140<br>Plymouth Meeting, PA 19462<br><br>Defendant. | Civil Action No. : __________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Chloe Ruschmeyer ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, Restore First Health ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff initiates this action contending Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. § 2000e, *et seq*., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*. Specifically, Plaintiff contends that Defendant subjected her to differential treatment on the basis of her sex, subjected her to a hostile work environment because of her sex, and constructively discharged her from employment in retaliation for her complaints in connection to the same.

**PARTIES**

2. Plaintiff, Chloe Ruschmeyer, is a citizen of the United States and the Commonwealth of Pennsylvania, currently residing at 3845 Jacob Stout Road, Unit 4, Doylestown, PA 18902.

3. Defendant, Restore First Health, is a for profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a registered office address and principal place of business located at 2250 Hickory Road, #140, Plymouth Meeting, PA 19462.

**JURISDICTION AND VENUE**

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. On or about October 13, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2026-00325. Plaintiff's EEOC charge was filed within one-hundred and eighty (180) days of the unlawful employment practice.

6. By correspondence dated October 5, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

7. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367, as those claims arise out of the same common nucleus of operative facts as her federal claims.

10. The venue in this district is proper to 28 U.S.C. § 1391, as the unlawful practices of which Plaintiff is complaining were committed in this district within the Commonwealth of Pennsylvania.

**FACTUAL BACKGROUND**

11. Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12. Plaintiff began her employment with Defendant in or around November of 2023, in the position of Nurse Practitioner.

13. By way of background, Dr. Christopher Bromley began his employment with Defendant in or around October of 2024, in the position of Chief Medical Officer ("CMO").

14. Similarly, Dr. Deborah Niles ("Dr. Niles") began her employment with Defendant in or around November of 2024.

15. Notably, Plaintiff did not suffer any adverse employment actions by Defendant prior to the start of Dr. Bromley and/or Dr. Niles's employment.

16. By further way of background, in or around October of 2024, Plaintiff was diagnosed with liver failure.

17. Thereafter, Plaintiff submitted a request for the reasonable accommodation of being required to only meet with two patients in the field, rather than four, before reporting back to Defendant's office.

18. Despite the reduced number of in field patients Plaintiff was required to see, she still maintained a forty-hour workweek.

19. Although Plaintiff was initially being evaluated for a liver transplant, her symptoms improved and a transplant was no longer necessary.

20. In or around December of 2024, Plaintiff met with Dr. Niles to discuss her employment with Defendant.

21. During this meeting, Dr. Niles told Plaintiff that she was “doing great,” and “of course you clearly have a job here,” but added that, “if anyone would get fired, it would be you, because of your liver failure.”

22. After this meeting, Plaintiff submitted a complaint to Defendant’s Human Resources (“HR”) Representative, Nicole Federico (“Ms. Federico”).

23. In response to Plaintiff’s complaint, Ms. Federico exclaimed “wow, I will address this.”

24. However, Ms. Federico never followed up with Plaintiff regarding her complaint, and no remedial and/or corrective action was taken in response thereto.

25. Shortly thereafter, in or around February of 2025, Plaintiff messaged Dr. Bromley with clinical questions, questions about stem cell therapy, and for information regarding a patient Defendant was treating.

26. Approximately three weeks after this initial interaction, Dr. Bromley, who maintained the authority to materially alter the terms and conditions of Plaintiff’s employment, began making unwanted advancements towards Plaintiff.

27. By way of example, Dr. Bromley began sending pictures of himself and his house to Plaintiff, while also asking Plaintiff about her “type,” asking Plaintiff what her husband looks like, and told Plaintiff that “Carmen Electra clearly has nothing on [her].”

28. Dr. Bromley asked Plaintiff what her “type” was on multiple occasions.

29. Furthermore, Dr. Bromley began sending Plaintiff money unsolicited via Zelle.

30. When Plaintiff would refuse to accept Dr. Bromley's money, he would insist that she keep it.

31. In addition, Dr. Bromley sent Plaintiff a picture of himself with his ex-wife, while mentioning that he liked "young, blonde women."

32. For context, Plaintiff was both younger than Dr. Bromley and has blonde hair.

33. Dr. Bromley would also send Plaintiff social media profiles of women he was interested in pursuing, while also asking Plaintiff for her opinion on these women.

34. Around that same time, Dr. Bromley sent Plaintiff a picture of himself shirtless.

35. Moreover, during phone calls with Plaintiff, Dr. Bromley would state, among other things, "I was just thinking about you," and "you're attached to my hip; there's no way I want to let you go."

36. In addition, Dr. Bromley frequently told Plaintiff that he was working on getting her involved with alternative treatments in the field and would "take care of her," and that Plaintiff should come to Florida to work directly with him.

37. Accordingly, Dr. Bromley's comments made it clear that to Plaintiff that her success and/or advancement within Defendant was contingent on enduring Dr. Bromley's sexually-charged behavior as a condition of her employment.

38. As a result of the sufficiently severe and sexually-charged behavior Plaintiff was being subjected to by Dr. Bromley, Plaintiff reached out to Defendant's Clinical Lead in New Jersey, Pinky Adda ("Ms. Adda"), and Nurse Practitioner, Courtney Morrison ("Ms. Morrison"), and informed them of Dr. Bromley's unsolicited sexual advances.

39. It should be noted, Plaintiff did not feel safe enough to report the aforementioned sexually-charged behavior directly to Defendant's HR, as her previous complaint went ignored,

and Plaintiff did not believe HR would protect her from being subjected to retaliation by Dr. Bromley.

40. Finding the conditions of Defendant's workplace unreasonably intolerable due to the ongoing severe and pervasive sexual harassment of Dr. Bromley, a person in authority over Plaintiff, Plaintiff's position with Defendant was constructively discharged in or around March of 2025, in violation of Title VII and the PHRA.

41. As a result of the sexually hostile work environment to which she was subjected, Plaintiff has suffered damages in the form of, *inter alia*, emotional distress and humiliation, which altered the conditions of her employment and resulted in an abusive working environment.

42. The person subjecting Plaintiff to a sexually hostile work environment was Defendant's Chief Medical Officer, a person with supervisory authority over all medical personnel, Dr. Christopher Bromely, thus placing Defendant on notice.

43. As a result, Defendant thereby implicitly sanctioned the sexual harassment Plaintiff was being subjected to, with complete disregard for her safety or well-being.

44. Plaintiff was forced to endure offensive conduct as a condition of her employment with Defendant, which was sufficiently severe or pervasive to alter the terms and conditions of her employment.

45. Defendant's conduct was sufficiently severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive, and which interfered with Plaintiff's ability to do her job.

46. In light of the foregoing, it is believed, and therefore averred, that Plaintiff was subjected to a hostile work environment and differential treatment on the basis of her sex (woman), in violation of Title VII and the PHRA.

47. Accordingly, it is believed, and therefore averred, that Plaintiff was constructively discharged from employment by Defendant because of her sex, for the sufficiently severe and/or pervasive sexual harassment to which she was subjected, and in retaliation for her reports of sexual harassment and a hostile work environment in connection thereto, in violation of Title VII and the PHRA.

48. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII")**
**42 U.S.C. § 2000e, *et seq.***
**SEXUAL HARASSMENT, SEX DISCRIMINATION,**
**HOSTILE WORK ENVIRONMENT, AND RETALIATION**

49. Paragraphs 1 through 48 are hereby incorporated by reference as though the same were fully set forth at length herein.

50. At all times material hereto, Defendant employed at least fifteen (15) employees at its various locations.

51. Plaintiff is a woman and as such is a member of a class protected under Title VII from unlawful discrimination because of sex.

52. Defendant took tangible employment action against Plaintiff in the form of constructive discharge from employment because of Plaintiff's sex, in violation of Title VII.

53. Defendant subjected Plaintiff to and/or otherwise permitted the existence of a hostile work environment because of her sex in violation of Title VII.

54. Defendant knew or should have known of the harassment Plaintiff experienced, but failed to act to prevent and/or remedy the harassment.

55. The aforementioned sexual harassment has adversely affected Plaintiff's psychological wellbeing and unreasonably interfered with Plaintiff's work performance.

56. Defendant subjected Plaintiff to a hostile work environment because of sex in violation of Title VII.

57. Defendant retaliated against Plaintiff for making good faith reports of sexual harassment by implicitly sanctioning the inappropriate behavior done to Plaintiff, with complete disregard for Plaintiff's well-being.

58. As a result of the above-referenced conduct and failure to remedy the ongoing sexual harassment and hostile work environment, Defendant undertook tangible employment action against Plaintiff, in the form of constructive discharge from employment based on Plaintiff's sex, the ongoing sexual harassment, and the hostile work environment.

59. Because of Defendant's unlawful acts, Plaintiff suffered damages of, among other things, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

60. As a result of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, and earnings potential.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and compensatory damages in an amount to be determined at trial;

B. Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interests in an appropriate amount; and

E. Such other further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")**
**43 P.S. § 951, *et seq.***
**SEXUAL HARASSMENT, SEX DISCRIMINATION,**
**HOSTILE WORK ENVIRONMENT, AND RETALIATION**

61. Paragraphs 1 through 60 are hereby incorporated by reference, as though the same were fully set forth at length herein.

62. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial;

B. Compensatory damages in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

Date: November 4, 2026

**MURPHY LAW GROUP, LLC**

By: */s/ Mary Kramer*
Mary Kramer, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mkramer@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff’s employment, to Plaintiff’s potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.